FILED
SUPERIOR COURT
OF GUAM

2020 APR -6 PM 4: 02

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | **Criminal Case No. CF0684-17** |
| | ) | GPD Report No. 17-14193/14194/ |
| Plaintiff, | ) | 34212/32488 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WILLIAM JOHN PINUALA, | ) | **DECISION AND ORDER** |
| DOB: 08/18/1983 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 14, 2020 for hearing on Defendant William John Pinuala's ("Defendant") Motion for New Trial for Prosecutor Misconduct and Not Providing Discovery ("Motion"). Defendant appeared with Assistant Public Defender Rocky Kingree. The People are represented by Assistant Attorney General Sean Brown. After considering the arguments and the applicable law, the Court issues this Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

This case came before the Court for jury selection on August 26, 2019. The morning of jury selection, Assistant Attorney General ("AAG") Peter Santos[1] moved to dismiss Charge Three and Charge Four and filed a motion for the same that afternoon. *See* Min. Entry (Aug. 26,

---

[1] For clarification, Peter Santos formerly worked for the Office of the Attorney General.

2019); People's Ex Parte Motion to Amend the Superseding Indictment (Aug. 26, 2019). Trial began on August 27, 2019.

After the Prosecution's case-in-chief, Defendant moved for a judgment of acquittal on Charge One and Charge Two. Min. Entry at 3 (Aug. 27, 2019). The Court denied the motion for Charge One but granted the motion for Charge Two. *Id.* The jury then deliberated on Charge One of Theft by Receiving (as a Second Degree Felony), for which the jury returned a verdict of guilty. Verdict Form 1 (Aug. 28, 2019).

Defendant filed his Motion on October 10, 2019, seeking a new trial on grounds that the government tampered with witnesses, failed to provide exculpatory evidence, and "for generally [sic] prosecutor misconduct." Mot. at 1. The People oppose, arguing that Defendant's motion (1) is time-barred by statute and (2) has no factual basis. People's Opposition to Defendant's Motion for New Trial for Prosecutor Misconduct and Not Providing Discovery ("Opposition") at 2-3 (Oct. 23, 2019). The Court held a hearing on the matter on December 12, 2019, which the Court continued to allow Defendant to have an opportunity to call witnesses. Min. Entry (Dec. 12, 2019). The Court held the subsequent hearing on January 14, 2020. The Court heard arguments from both parties, but Defendant did not call any witnesses. Min. Entry (Jan. 14, 2020). The Court then took the matter under advisement. *Id.*

## DISCUSSION

"The court on motion of a defendant may grant a new trial to him if required in the interests of justice." 8 G.C.A. § 110.30(a). "A motion for a new trial based on any ground other than the ground of newly discovered evidence shall be made within seven (7) days after verdict or finding guilty or within such further time as the court may fix during the seven-day period." *Id.* § 110.30(d).

## A. Defendant's Motion is time-barred.

Here, Defendant filed the instant motion on October 10, 2019, alleging prosecutorial misconduct and failure to provide evidence in discovery. Defendant, under Section 110.30(d), was required to bring his motion within seven (7) days of the verdict. The jury returned its verdict on August 28, 2019. As such, Defendant's motion was filed forty-three (43) days after the jury returned its verdict, making it thirty-six (36) days late.

Defendant asserts that "The Motion was filed now as the issues had to be investigated to not make a false allegation." Mot. at 1. The Court finds this assertion as a basis for filing late problematic. First, Defendant asserts an investigation was done but offers nothing regarding the results of that investigation or any evidence discovered as a result of that investigation. Second, counsel for Defendant indicated at trial that he knew the alleged misconduct had occurred, as he indicates he knew there was a conversation when the witness was testifying. Ct. Recording ("CR") at 5:35:45 (Jan. 14, 2020). As such, the information counsel for Defendant alleges he learned through "investigation" was already known prior to conviction. Third, Defendant, if he sought to investigate further, should have filed for an extension of time to file his motion, for which Section 110.30(d) clearly provides.

Therefore, because Defendant's motion was filed thirty-six (36) days past the seven-day deadline, Defendant's motion is time-barred.

## B. Defendant's Motion fails on the merits.

Defendant asserts three different grounds in support of his motion for a new trial: (1) failure to disclose exculpatory evidence; (2) witness tampering on the part of the prosecution; and (3) general prosecutor misconduct. Mot. at 1. Assuming, *arguendo*, that Defendant's Motion is not time-barred, these arguments fail on the merits.

## 1. Exculpatory Evidence

Defendant asserts the government failed to disclose exculpatory evidence. Exculpatory evidence is that "which would tend to negate guilt." 8 G.C.A. § 50.46.

Prior to trial, the People moved to dismiss Charges Three and Four of the Indictment. Min. Entry at 1 (Aug. 26, 2019). Defendant argues "that the Attorney General Office did receive exculpatory information from Thomas Bernardo Jr. that made the charge lack probable cause of the theft of a generator." Mot. at 2. Defendant's assertion fails for three reasons. First, Defendant failed to offer any evidence or explain what the exculpatory evidence was. Second, Defendant failed to offer any evidence that the People received any evidence from Thomas Bernardo Jr. that wasn't initially disclosed. Third, AAG Santos provided the reasoning for dismissal of the charges via declaration. Due to the fact that Thomas Bernardo Jr. was not willing to testify and that Officer Santos would be unable to testify, the People moved to dismiss the charges. Decl. at 1 (Oct. 23, 2019). Defendant argues "the Prosecutor did factually receive exculpatory evidence from Thomas Bernardo Jr." Mot. at 3. Defendant offered no evidence in support of this proposition, despite being given the opportunity to do so via evidentiary hearing.

Defendant further argues that the People's undisclosed conversations with Thomas Bernardo Jr. and Officer Mondia constitute exculpatory evidence which the government was obligated to disclose. Mot. at 3. Defendant offered no evidence in support of this proposition. AAG Santos, through declaration, provided the missing information. After the Attorney General's Office asked Bernardo to testify in trial, he stated, "I am not going to court, [expletive] you." Decl. at 1. Santos goes on to explain his conversation with Officer Mondia:

> The police officers had arrived and I met with them and informed them that I was going to dismiss the charges for the Bernardo and Cruz thefts and that we were only going to trial on the Morrico theft case. I told them during trial we cannot discuss anything related to the Bernardo case or the Cruz case. I then confirmed

their roles in the investigation, who interviewed who, who confiscated what, etc. just so I can get it straight in my head, since I had inherited this case last minute and had only recently read all the police reports.

Decl. at 2. Defendant fails to explain how any of these conversations "tend to negate [Defendant's] guilt." 8 G.C.A. § 50.46. The Court does not see how a witness indicating he will not go to court constitutes exculpatory evidence. Similarly, the Court does not see how any of the information discussed with Officer Mondia constitutes exculpatory evidence.

Therefore, Defendant failed to offer any evidence that exculpatory evidence was not disclosed.

### 2.    Witness Tampering

Defendant asserts the government tampered with witnesses prior to trial. Defendant fails to indicate under which standard it alleges the government's actions constituted witness tampering. Because Defendant makes reference to witness tampering as a crime, the Court assumes Defendant asserts this standard. Mot. at 3. Tampering with a witness, as a crime, is defined under Title 9 of the Guam Code Annotated. Witness tampering is "induc[ing] any person to give false testimony in or to withhold testimony from any official proceeding to which he has been or may be properly called as a witness, or to fail to attend any official proceeding to which he has been lawfully called as a witness." 9 G.C.A. § 52.50.

Defendant argues that AAG Santos' conversation with Officer Mondia prior to trial constitutes witness tampering. Per AAG Santos' declaration, Officer Mondia was informed some of the charges were dropped and that information regarding the dismissed charges cannot be discussed. Defendant fails to explain how this constitutes inducement to falsely testify or to withhold testimony. Defendant alleges that further conversations took place, where Officer

Mondia said to AAG Santos, "Put the yellow jeep thing in your pocket for closing." CR at 5:40:57. Defendant offered no evidence that such a conversation took place.

Therefore, Defendant failed to prove that the government tampered with any of the witnesses.

### 3.     Prosecutor Misconduct

Defendant offers other arguments in support of his contention that prosecutorial misconduct existed. These arguments all fail.

First, Defendant argues that "the Attorney General Office talked to all witnesses that testified and others that did not testify." Mot. at 2. Defendant then goes on to argue that "Prosecutor Santos has a history of this behavior with discovery." *Id.* Defendant makes reference to an unrelated case and accuses AAG Santos of bringing up evidence that was never disclosed to the defense. *See id.* at 3. First, Defendant offers no citation to the referenced case. It is not the Court's responsibility to do Defendant's research for him; if Defendant wanted this to be considered, Defendant and his counsel should at least make the effort to guide the Court to the case referenced. Second, the Court fails to see how Santos' alleged misconduct in another unrelated case has any bearing on the case at hand. Third, Defendant again fails to offer any evidence of the alleged misconduct in this other case. Finally, the Court fails to see how making reference to undisclosed evidence in an opening statement in an unrelated case has any correlation to AAG Santos allegedly talking to all witnesses in this case. Defendant failed to make this link.

Second, Defendant argues the People overcharged Defendant for the sole purpose of "confus[ing] the jury and attempt[ing] to say the Defendant did multiple bad acts." Mot. at 4. This is in reference to Charge Two of the Amended Superseding Indictment, the theft of the

"Boss Brand Industrial Light Tower." Am. Superseding Indictment at 1-2 (Aug. 26, 2019). Defendant asserts the People "never attempted to put on any evidence of Defendant being involved with theft of the light bar." Mot. at 4. Defendant's Motion to this charge after the People's case-in-chief was granted. Min. Entry at 3 (Aug. 27, 2019). The People offered evidence at trial regarding the light tower's relation to the case. *See* Ct. Recording at 10:05:07 (Aug. 27, 2019) (initial discussion of light tower) & 10:59:50 (recovery of light tower). The Court does not find that the People overcharged Defendant. Rather, this is simply a case of a prosecutor being unsuccessful in making a link between evidence and a defendant. The latter does not constitute misconduct.

Third, Defendant argued at the motion hearing that the trial was a "set up" between Officer Mondia and AAG Santos. CR at 5:35:22. Defendant offers provides no evidentiary basis for this assertion.

Therefore, Defendant has failed to provide evidence of prosecutorial misconduct.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion. Defendant's Motion is time-barred by statute. Further, assuming *arguendo* that Defendant's Motion was not time-barred, Defendant failed to make the necessary showing of a failure to disclose exculpatory evidence, witness tampering, or prosecutor misconduct. The Court shall hold a sentencing hearing on May 20, 2020 at 10:00am.

**IT IS SO ORDERED** on this 6th day of April, 2020.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**